IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOE NO. 1,<br><br>DOE NO. 2,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Docket No.  21-1659 C<br><br>**PLAINTIFFS' COMPLAINT FILED IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |

## COMPLAINT

### INTRODUCTION

1.  This is a civil action brought by Plaintiffs who are employees of the defendant United States of America ("Defendant"), in its Department of Justice, Federal Bureau of Investigation ("FBI"). Plaintiffs are employed as Victim Specialists in occupational series GS-0101. Plaintiffs bring this case on behalf of themselves and all others similarly situated. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

3.  Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between

the Plaintiffs and Defendant regarding actions and failures to act by Defendant under the FLSA and otherwise.

## THE PARTIES

4. Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2105, 5541.

5. Plaintiffs and others similarly situated are or have been employed by Defendant during periods from 2018 to date.

6. Plaintiffs, and others similarly situated, desire anonymity in connection with their participation in this litigation, and seek to litigate this case partially under seal, in light of the sensitive nature of the duties they perform for Defendant, and the need for their identities not to be disclosed and made public in this litigation, or otherwise, as is more fully set forth in Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class Members to File their Claims Anonymously, which is being filed on behalf of Plaintiffs and the putative class members in this Court simultaneously herewith.

7. Defendant and its involved agency is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

8. Plaintiffs have been employed by Defendant as Victim Specialists in occupational series GS-0101 since at least 2018. Until approximately December 2019, Defendant unlawfully classified them as exempt under the FLSA.

9. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel,

employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

10. Office of Personnel Management ("OPM") regulations pertaining to the FLSA mandate that agencies observe the following principles when making FLSA determinations. First, "[e]ach employee is presumed to be FLSA nonexempt unless the employing agency correctly determines that the employee clearly meets the requirements of one or more of the [FLSA] exemptions . . . [.]" 5 C.F.R. § 551.202(a). Second, "[t]he burden of proof rests with the agency that asserts the exemption." 5 C.F.R. § 551.202(c). Third, "[a]n employee who clearly meets the criteria for exemption must be designated FLSA exempt. If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee will be designated FLSA nonexempt." 5 C.F.R. § 551.202(d). Fourth, "[w]hile established position descriptions and titles may assist in making initial FLSA exemption determinations, the designation of an employee as FLSA exempt or nonexempt must ultimately rest on the duties actually performed by the employee." 5 C.F.R. § 551.202(e).

11. 5 C.F.R. § 551.531(c) provides, *inter alia*, that "an agency may not require that an employee be compensated for overtime work …with an equivalent amount of compensatory time off from the employee's tour of duty." Further, "[a]n employee many not directly or indirectly intimidate, threaten, or coerce any other employee for the purpose of interfering with such employee's rights to request or not to request compensatory time off in lieu of payment for overtime hours."

12.     While employed as Victim Specialists, Plaintiffs and others similarly situated have worked more than 8 hours per day and 40 hours per week at various times between at least 2018 and approximately December 2019.

13.     Nevertheless, Defendant considered and treated Plaintiffs and others similarly situated as FLSA exempt, and did not accord Plaintiffs the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

14.     From various times between 2018 and approximately December 2019, Defendant required Plaintiffs, and others similarly situated, to receive compensatory time instead of FLSA overtime pay or overtime pay at a rate less than they are due under the FLSA, for working in excess of 8 hours each day and/or 40 hours each week.

15.     From various times between 2018 and approximately December 2019, Defendant required Plaintiffs, and others similarly situated, to receive travel compensatory time instead of FLSA overtime pursuant to the requirements of 5 C.F.R. § 551.422.

16.     Defendant and its officers and agency, the FBI, have previously and repeatedly misclassified employees as exempt from the overtime provisions of the FLSA.

17.     Defendant and its officers and agency, the FBI, willfully have violated the provisions of the FLSA by wrongfully and willfully failing and refusing to provide Plaintiffs, and others similarly situated, with pay and benefits due under the FLSA and implementing regulations of Defendant.

## COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class"), which is defined as follows: all FLSA FBI employees who worked as Victim Specialists in occupational series GS-0101 and were classified as exempt under the FLSA at any

time between 2018 and the present, and who were not plaintiffs in a prior case alleging similar violations, *Doe No. 1, et al. v. United States*, Ct. of Claims Case No. 19-1878.

19. Defendant failed to pay members of the Class FLSA overtime due to them. As a result, these employees received overtime pay at a rate less than they are due under the FLSA, for working in excess of 8 hours each day and/or 40 hours each week.

20. These employees suffered the same legal violations as Plaintiffs under the same factual circumstances attributable to Defendant, and seek the same remedies.

21. A collective action would be the most efficient way to resolve their FLSA overtime claims, which involve the same questions of law and fact.

## COUNT ONE

### (Failure to Properly Compensate Plaintiffs for Overtime under FLSA)

22. Plaintiffs incorporate by reference herein the allegations contained in each of the above paragraphs.

23. Defendant wrongfully and willfully denied Plaintiffs, and others similarly situated coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week by misclassifying them as exempt.

## COUNT TWO

### (Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)

24. Plaintiffs incorporate by reference herein the allegations contained in each of the above paragraphs.

25. As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs,

and others similarly situated, various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

26. Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents and Plaintiffs are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owed to them with respect to their individual claims. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability to Plaintiffs may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court:

a) Certify this case as a collective action and promptly issue notice of this action to all members of the class, apprising them of the pendency of this action, and permitting them to assert their FLSA claims in this action by filing individual consents forms pursuant to 29 U.S.C. § 216(b);

b) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs and all others similarly situated were employed by Defendant in a non-exempt capacity under the FLSA and were wrongfully and willfully denied such status by Defendant; and

c) Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all back overtime wages, interest, and liquidated damages due and owed to Plaintiffs and others similarly situated as a result of their misclassification as exempt from the FLSA; and

        d)        Award Plaintiffs and others similarly situated such back pay, liquidated damages, and interest under the FLSA and Back Pay Act from the date of the denial of such pay and entitlements, and costs, as are due and owed to them by Defendant under applicable federal laws and regulations; and

        e)        Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

        f)        Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

        g)        Grant to Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

| OF COUNSEL: | /s/ Alice Hwang |
|---|---|
| | Alice Hwang (Counsel of Record) |
| Linda Lipsett | James & Hoffman, P.C. |
| Bernstein & Lipsett, P.C. | 1130 Connecticut Avenue, N.W., Suite 950 |
| 1130 Connecticut Avenue, N.W., Suite 950 | Washington, D.C. 20036 |
| Washington, D.C. 20036 | (202) 496-0500 |
| (202) 296-1798 | (202) 496-0555 facsimile |
| (202) 496-0555 facsimile | achwang@jamhoff.com |
| chouse@bernstein-lipsett.com | |
| | *Attorneys for Plaintiff* |
| Daniel M. Rosenthal | |
| Michael Ellement | |
| James & Hoffman, P.C. | |
| 1130 Connecticut Avenue, N.W., Suite 950 | |
| Washington, D.C. 20036 | |
| (202) 496-0500 | |
| (202) 496-0555 facsimile | |
| dmrosenthal@jamhoff.com | |
| mpellement@jamhoff.com | |

Dated: August 4, 2021

## CERTIFICATE OF SERVICE

Pursuant to the Rule 4 of the United States Court of Federal Claims, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.

**/s/ Alice Hwang**
Alice Hwang